## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1864, AT PROVIDENCE.

PRESENT:

HON. SAMUEL AMES, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, } JUSTICES.
HON. J. RUSSELL BULLOCK, }

---

PROVIDENCE FIRE AND MARINE INSURANCE COMPANY *v.* JOHN AND JAMES MURPHY.

It is not competent for the members of a mutual insurance company to avoid payment of their just ratable assessments, by objections to the organization of the corporation or to the due election of its officers, so that they have fairly acted as a corporation and officers, *de facto*, with the acquiescence of the members, and of the General Assembly as representing the public.

ASSUMPSIT, to recover the sum of $16.25, being the amount of an assessment upon the deposit note of the defendants, made by the mutual department of the plaintiff company, out of which the defendants had taken a fire policy for thirteen hundred dollars on their building, tools and stock, on the fourth day of January, 1862. The case came, by appeal, from the Court of Magis-

trates of the city of Providence, to the Court of Common Pleas for the county of Providence, and was tried by said court at its December term, 1863, without a jury, before Mr. Justice Shearman, who gave judgment for the amount of the assessment to the plaintiff. From his report of the trial, it appeared, that the sole objection of the defendants to recovery rested upon a supposed want of sufficient proof that the plaintiffs, who were chartered and organized both as a stock and a mutual insurance company, had been duly organized as such, and that he had rejected proof, offered by the defendants, tending to prove that the plaintiffs had not been so organized. It appeared at the trial that the plaintiffs had been organized and acting under their charter, both in their stock and mutual departments, for several years; and that, as a mutual office, they had issued, with many other policies, the policy to the defendants, and had received from them the premium note upon which the assessment sued for had been fairly made, to cover losses by fire sustained by the co-insured. Upon exceptions to the rulings of the Court of Common Pleas, in the above particulars, the defendants now brought the case to this court, for the correction of errors in said rulings.

*Markland, with whom was Thurston, for the defendants.*

*Eames, for the plaintiffs.*

AMES, C. J. Questions similar in principle to those involved in this case, came before us, at the last term of the court, in the case of the *National Mutual Fire Insurance Company* v. *Albert D. Yeomans* (*supra* 25); and we then intimated, as we now decide, that it is not competent for the members of a mutual insurance company to avoid payment of their just ratable assessments, and of the losses to which they have by contract subjected themselves, by acutely picking flaws in the mode in which their company has been organized, and as members of which they stand in the double relation of insurer and insured. It is quite enough for them, when called upon equitably to respond to their share of the losses under their contracts of insurance, that the company and its officers are such *de facto*, under color of authority, and with their acquiescence as members, and that of the General Assembly as representing the public. If collateral issues could

be raised in every suit for a petty assessment, going to the organization of the corporation, or to the election of each one of its acting officers, great delay and expense might be needlessly visited upon the corporation, and great loss inflicted upon other members, who rely, for indemnity, upon the prompt obedience of their associates to just calls made upon them for contribution.

The exceptions taken to the rulings of the Court of Common Pleas are overruled, with costs.